## Johnson v. Commonwealth.
(Decided Nov. 17, 1936.)

S. H. RICE for appellant.

B. M. VINCENT, Attorney General, and J. J. LEARY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, Everett Johnson, and seven others were jointly indicted for the murder of Richard Wilson, and, on his separate trial, appellant was convicted of the crime of manslaughter, and was sentenced to a term of 21 years in the penitentiary. He was accused both as a principal and as an aider and abettor. A reversal of the judgment is sought chiefly on the ground that the

evidence is not sufficient to sustain the verdict. It is also urged that the instructions are erroneous.

A brief resume of the evidence, which is in sharp conflict, will demonstrate the fallacy of the first contention. About two weeks before the homicide, Woodrow Wilson, a brother of the deceased, and appellant had a difficulty, which resulted in a fist fight. On the evening of December 4, 1934, Richard Wilson, his wife and children, Woodrow Wilson, his brother, and Mrs. Armina McIntosh, mother of Richard Wilson and Woodrow Wilson, attended religious services which were being held in a schoolhouse near their home. Before the services began, Woodrow Wilson and appellant met in front of the schoolhouse and began fighting. The evidence is conflicting as to how the difficulty started. According to the evidence for the Commonwealth, the deceased, his wife, and mother, who had entered the building before the trouble arose, heard the commotion, went outside, separated the combatants, and took Woodrow Wilson into the schoolhouse, where he promptly went to sleep. At the conclusion of the services, appellant, accompanied by his brothers, Robert Johnson and George Johnson, and by Wilson Noble, Clifton Noble, and Arch Noble, relatives of the Johnsons, entered the church and became engaged in an altercation with Richard Wilson. Appellant carried a club into the house, with which he struck the deceased on the head. One of the Nobles cut the deceased with a knife. During the first difficulty in front of the schoolhouse, appellant cursed and threatened to kill Woodrow Wilson, and, when the deceased intervened, he made threats against him. At the same time, Robert Johnson, who was standing near by, threatened to shoot Richard Wilson. Similar threats were made during the altercation in the schoolhouse. All of the participants in the fight left the schoolhouse, and, just as they emerged from the building, the deceased struck appellant with a club and started running toward a creek a short distance away. Several shots were fired, some of them by Robert Johnson. Richard Wilson was struck three times, once in the back, and he died in a few minutes.

The evidence tends to support the Commonwealth's theory that the Johnsons and the Nobles were acting in concert, and that appellant was present, aiding, assisting, and encouraging the others in the commission of the crime. It is argued that the evidence fails to show

that appellant shared the criminal intent of the principal, and therefore he was not an aider and abettor. The evidence for the Commonwealth shows that he was present; that he struck the deceased with a club, inflicting a serious wound; and that he threatened to kill both him and his brother, Woodrow. This evidence was sufficient to authorize the inference that his intention was homicidal, and that he shared the criminal intent of the principal. Luttrell v. Com., 250 Ky. 334, 63 S. W. (2d) 292. The evidence was amply sufficient to sustain the verdict.

Complaint is made of instruction No. 1 because it failed to include the words, "not in his necessary self-defense or defense of his brother," but instruction No. 3 presented appellant's right of self-defense, and, when the instructions are read as a whole, there is no error in this respect. The instructions are also criticized because, as appellant contends, the issue of intent is omitted from all of them. It is argued that the jury should have been instructed to acquit appellant unless he entertained the felonious intent of Robert Johnson to shoot and kill Richard Wilson. The instructions required the jury to believe that the principal wilfully and feloniously shot and killed Richard Wilson, and that appellant was present at the time and wilfully and feloniously aided, abetted, encouraged, and advised him so to do. The word wilfully was defined as meaning "intentionally," and the word feloniously "proceeding from an evil heart or purpose done with the deliberate intention to commit a crime." In Luttrell v. Com., supra, a similar contention was made, and it was held that a specific instruction requiring the jury to believe that the aider and abettor shared the felonious intention of the principal was not necessary where instructions similar to those in the present case had been given. It is also insisted that an instruction should have been given on the theory that appellant had abandoned the difficulty before the fatal shots were fired, but the proof shows that the difficulty was a continuous transaction from the beginning of the second fight until the fatal shooting, and that appellant was a participant throughout, which distinguishes this case from Bradley v. Com., 201 Ky. 413, 257 S. W. 11, cited by appellant.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.