## Couch v. Commonwealth.

October 6, 1950.

R. L. Maddox, Judge.

W. H. Lewis, for appellant.

A. E. Funk, Attorney General., Zeb A. Stewart, Assistant Attorney General, for appellee.

STANLEY, COMMISSIONER—Reversing.

The appeal by Floyd Couch is from a judgment of guilt of willfully and maliciously shooting and wounding John Hoskins with the intent to kill him, the penalty being fixed at confinement in the penitentiary for two years. KRS 435.170(1).

According to Hoskins and other witnesses for the Commonwealth, without provocation the defendant shot him while he was unarmed. He, his wife and other companions were passing the home of the defendant and his father, Henry Couch. Hoskins testified he was shot with a pistol but all other evidence shows it was a shotgun. According to the defendant and his witnesses, Hoskins fired the first shot and the others joined in the affray. The defendant shot Hoskins in defense of himself and his father. The evidence is very contradictory, both on the main issue and in a number of details, even among witnesses on the same side. The points we have to consider relate to the instructions.

The primary instruction submitted the question of the defendant's guilt as a principal. It does not contain the clause that the shooting was not in self-defense or defense of the accused's father. The statute defining the crime does not contain such a provision. KRS 435.170(1). Some of the circuit courts usually include such negation in the primary instruction, but its omission is not an error where the instructions as a whole,

particularly the self-defense instruction, make it clear that conviction cannot be had if it was done in self-defense. Johnson v. Commonwealth, 266 Ky. 224, 98 S.W.2d 492. The given instruction follows the approved Form 807, Stanley's Instructions to Juries.

The second instruction submitted the question of guilt of the lesser degree of the offense, namely, shooting in sudden heat of passion or in sudden affray. It describes the act in part as having been done "without malice and not in self-defense." Unlike the statute covering the felony, KRS 435.170(1)., the statute defining the misdemeanor contains the provision that the act must have been done "without previous malice, and not in self-defense," KRS 435.180, and it should be followed in instructing the jury. Violett v. Commonwealth, 72 S.W. 1, 24 Ky. Law Rep. 1720. There is an error in this instruction, however, in that it left to the jury to determine whether the act of shooting was actually in self-defense rather than as it appeared at the time to the accused person to be. Ayers v. Commonwealth, 195 Ky. 343, 242 S. W. 624; Wireman v. Commonwealth, 290 Ky. 704, 162 S.W.2d 557. The defendant claimed that his father was in danger and that he shot in his own defense and in defense of his father. Therefore, the instruction should have contained the clause or provision "not in his own apparently necessary self-defense or apparently necessary defense of his father, Henry Couch." It is true the defendant was not convicted of the misdemeanor covered by this instruction, but he might have been given the lesser penalty had the correct instruction been given, for this instruction required the jury to believe more than the law demands.

While the defendant and his father testified that the father did not fire a shot, the evidence for the Commonwealth was that he did so, and that there were fifteen or twenty shots fired in the melee, both pistol and shotgun. We think that an instruction on aiding and abetting the father was properly given. But that which was given contained a vital error. It reads:

"Even though you may not believe that the defendant, Floyd Couch, did the actual shooting of John D. Hoskins, yet if you believe beyond a reasonable doubt, that he was present and aided, abetted, assisted or encouraged the actual shooting, but for which it

would not have occurred then he is under the law guilty and you will so find."

It will be observed that the instruction did not require that the jury believe from the evidence beyond a reasonable doubt that either the father, Henry Couch, unlawfully, willfully, feloniously and maliciously or in sudden affray, or in sudden heat of passion did shoot and wound Hoskins or that the defendant, Floyd Couch, was present and willfully, feloniously and maliciously aided and abetted the principal, his father. This was prejudicial error. See Sec. 944, Stanley's Instructions to Juries; Moore v. Commonwealth, 266 Ky. 514, 99 S.W.2d 715.

The judgment is accordingly reversed.